COOK v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 85172. Submitted March 19, 1986, at Lansing. Decided
May 9, 1986. Leave to appeal denied, 426 Mich —.

James Cook, a United States Postal Service employee, died as a
result of an automobile accident. Katie A. Cook, his widow,
received $1374 per month in no-fault survivor's loss benefits
from Detroit Automobile Inter-Insurance Exchange for approxi-
mately one year, after which DAIIE claimed that $303 per
month Cook was receiving from the federal civil service survi-
vor's annuity was subject to setoff and claimed a back due
excess no-fault payment in the amount of $4487. DAIIE thereaf-
ter reduced its monthly payment to Cook by the $303 per
month amount it claimed it was entitled to set off against the
survivor's loss benefits. Katie Cook filed suit against DAIIE in
Washtenaw Circuit Court alleging that DAIIE had wrongfully
set off the amount of the annuity payments against her survi-
vor's loss benefits and seeking recovery of the amount allegedly
improperly set off by defendant, actual attorney's fees, prejudg-
ment interest and penalty interest. The trial court, Henry T.
Conlin, J., granted summary judgment in favor of plaintiff,
awarding her all the relief she had sought. Defendant appealed.
*Held:*

1. The federal civil service survivor's annuity benefits were
paid to plaintiff for the purpose of replacing her husband's
wages and support. Defendant therefore was entitled to set off
those payments against plaintiff's no-fault survivor's loss bene-
fits.

2. Since the setoff was proper, plaintiff was not entitled to an
award of attorney fees and penalty interest based on defen-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 363, 368.
Survivor's loss benefit: entitlement of child, spouse, parent, or other
person to survivor's loss benefit under no-fault insurance acts. 12
ALR4th 975.
Reduction of benefits: validity and construction of no-fault insur-
ance plans providing for reduction of benefits otherwise payable
by amounts receivable from independent collateral sources. 10
ALR4th 996.

dant's allegedly unreasonable failure to pay no-fault benefits. The trial court erred in granting plaintiff's motion for summary judgment and in denying defendant's motion for summary judgment.

Reversed.

1. INSURANCE — NO-FAULT INSURANCE — GOVERNMENTAL BENEFITS.

The test for determining whether no-fault automobile insurance benefits must be reduced by the amount of a governmental benefit, where the claimant is entitled to that benefit under federal or state law, is two-fold: (1) does the governmental benefit substantially serve the same purpose as the no-fault benefits, and (2) is the governmental benefit payable as a result of the same accident; if both prerequisites are met, setoff is required (MCL 500.3109[1]; MSA 24.13109[1]).

.2. INSURANCE — NO-FAULT INSURANCE — SURVIVOR'S BENEFITS — FEDERAL CIVIL SERVICE SURVIVOR'S ANNUITY BENEFITS — SET-OFF.

Federal civil service survivor's annuity payments are benefits provided or required to be provided under the laws of the federal government and therefore are subject to being set off against no-fault survivor's loss benefits (5 USC 8341[d]; MCL 500.3108, 500.3109[1]; MSA 24.13108, 24.13109[1]).

*Robert E. Logeman,* for plaintiff.

*Douvan & Barnett* (by *Gordon J. Barnett, Jr.*), for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and L. F. SIMMONS,* JJ.

PER CURIAM. On December 13, 1983, plaintiff, Katie A. Cook, filed a complaint alleging that defendant, Detroit Automobile Inter-Insurance Exchange, had wrongfully set off payments she received from a federal civil service survivor's annuity against her no-fault survivor's loss benefits payable by defendant pursuant to MCL 500.3108; MSA 24.13108. Plaintiff moved for summary judgment under GCR 1963, 117.2(3), now MCR

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

2.116(C)(10), asserting that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law. In her summary judgment motion, plaintiff sought to recover the amount allegedly improperly set off by defendant, actual attorney fees as allowed under MCL 500.3148; MSA 24.13148, prejudgment interest as allowed under MCL 600.6013; MSA 27A.6013 and penalty interest as provided in MCL 500.3142; MSA 24.13142. Defendant filed a counter motion for summary judgment agreeing that there were no genuine issues of material fact, but claiming that it was entitled to judgment as a matter of law. Following a hearing addressing both summary judgment motions, the trial judge granted plaintiff's motion for summary judgment and awarded her all the relief she had sought. Defendant appeals as of right.

On appeal, defendant raises three issues, challenging separately the three components of the relief awarded to plaintiff. Due to our resolution of defendant's first argument, which challenges the award of the setoff amount to plaintiff, we do not need to address defendant's other two arguments, which challenge the award of attorney fees and penalty interest to plaintiff.

The facts surrounding this case are not in dispute. Plaintiff's husband was killed in an automobile accident on August 1, 1982. Defendant, plaintiff's husband's no-fault personal protection insurer, immediately began paying plaintiff $1,374 per month in no-fault survivor's loss benefits pursuant to MCL 500.3108; MSA 24.13108. Under the statute, these benefits are required to be paid for a period of not more than three years. Plaintiff also began receiving a $303 per month federal civil service survivor's annuity, as her husband had been an employee of the United States Postal

Service. In October, 1983, defendant began setting off the payments received by plaintiff from the federal civil service survivor's annuity against its no-fault payments to her.

Defendant made the setoff pursuant to MCL 500.3109(1); MSA 24.13109(1), which provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

Defendant argued both at trial and on appeal that the federal civil service survivor's annuity payments received by plaintiff are benefits provided or required to be provided under the laws of the federal government and, thus, were subject to the setoff provisions.

5 USC 8341(d) provides a survivor's annuity for the spouse of a deceased federal civil service employee as follows:

> (d) If an employee of Member dies after completing at least 18 months of civilian service, his widow or widower is entitled to an annuity equal to 55 percent of an annuity computed under section 8339(a)-(f), (i), and (o) of this title as may apply with respect to the employee or Member, except that, in the computation of the annuity under such section, the annuity of the employee or Member shall be at least the smaller of—
>
> (1) 40 percent of his average pay; or
>
> (2) the sum obtained under such section after increasing his service of the type last performed by the period elapsing between the date of death and the date he would have become 60 years of age.
>
> The annuity of the widow or widower commences on the day after the employee or Member

dies. This annuity and the right thereto terminate on the last day of the month before the widow or widower—
(A) dies; or
(B) remarries before becoming 60 years of age.

Plaintiff receives her federal civil service survivor's annuity pursuant to this statutory provision.

Thus, under the plain language of MCL 500.3109; MSA 24.13109, it appears that defendant was entitled to make the setoff in this case. However, in *Jarosz v DAIIE*,[1] the Michigan Supreme Court recently interpreted the setoff statute to allow setoff only where the other government benefits duplicate the benefits provided under the no-fault act. The *Jarosz* Court went on to announce a two-prong test for determining whether the other government benefits duplicate no-fault benefits:

> We conclude that the correct test is: state or federal benefits "provided or required to be provided" must be deducted from no-fault benefits under § 3109(1) if they:
> 1) Serve the same purpose as the no-fault benefits, and
> 2) Are provided or are required to be provided as a result of the same accident.[2]

Applying the two-prong test to the facts of this case, we first note that the death of plaintiff's husband in an automobile accident triggered both the federal annuity benefits and the no-fault benefits. On appeal, plaintiff contends that the federal annuity benefits were triggered by her husband's termination of federal civil service employment, not his fatal automobile accident. This is a distinc-

[1] 418 Mich 565; 345 NW2d 563 (1984).
[2] *Id.*, p 577.

tion without legal relevance. Plaintiff's husband's fatal automobile accident caused him to terminate his federal employment and made plaintiff eligible for his federal survivor's annuity benefits. Thus, we conclude that the second prong of the *Jarosz* test is clearly met in this case.

The application of the first prong of the *Jarosz* test is much more difficult in this case. We initially note that the purpose of no-fault survivor's benefits is to replace wages that would have actually been earned by the decedent and used to provide support to the decedent's family members. *Jarosz, supra.* Thus, we must determine whether federal civil service survivor's annuity benefits also replace wages that would have actually been earned by the decedent and used to provide support to the decedent's family members or whether they serve some other purpose.

Four recent decisions of the Michigan Supreme Court and this Court provide us with guidance in determining this issue. In *O'Donnell v State Farm Mutual Automobile Ins Co,*[3] which the *Jarosz* Court used as a basis for constructing the two-prong test, the Court held that survivor's benefits provided by federal social security served to replace the wages that the decedent actually would have earned and provided to his family and, thus, were properly set off against no-fault survivor's loss benefits by the defendant insurer. The Court, in a subsequent decision, extended its holding in *O'Donnell* and found that disability benefits provided by federal social security served to replace wages that the accident victim would have actually earned absent the accident and, thus, were properly set off against no-fault disability benefits.[4]

On the other side of the line, the *Jarosz* Court

[3] 404 Mich 524; 273 NW2d 829 (1979).

[4] *Thompson v DAIIE,* 418 Mich 610; 344 NW2d 764 (1984).

held that old age benefits provided by federal social security served to provide the recipient with retirement security after a certain age, not to replace wages that he would have earned absent the occurrence of an automobile accident. Thus, old age social security benefits could not be set off against no-fault disability benefits.

This Court applied *Jarosz* in *Perkins v Riverside Ins Co of America*,[5] and held that pension benefits paid to a surviving spouse of a Michigan State Police trooper served to protect the decedent's vested retirement contributions and not to replace his wages. Thus, the pension benefits were not properly set off against no-fault survivor's loss benefits.

The difficulty in the within case is determining whether the federal civil service survivor's annuity benefits are more like the social security survivor's benefits in *O'Donnell* or more like the State Police pension benefits in *Perkins.* Pursuant to our review of the nature and terms of the federal civil service survivor's annuity provision, we conclude that plaintiff's federal annuity benefits in this case are more like the social security survivor's benefits in *O'Donnell.* In reaching this conclusion, we first note that federal civil service employees do not pay social security taxes and are not eligible for social security benefits. Thus, it appears that the purpose of the Federal Civil Service Retirement Act, which includes the provision for survivor annuity benefits, is to provide a substitute for social security to federal civil service employees. This inference is supported by the fact that the federal civil service retirement plan is funded by mandatory payroll deductions and employer contributions, as is the case with social security. In

[5] 141 Mich App 379; 367 NW2d 336 (1985).

addition, the types of benefits, such as survivor annuities, are similar to those provided by social security.

The only major difference between the federal civil service retirement plan and the social security system relevant to our decision is that a federal civil service employee can elect to receive a lump sum payment of his prior contributions upon terminating employment with the federal civil service.[6] However, upon such termination, the former federal civil service employee enters the general social security system and there is no need for him to continue in the federal civil service retirement plan. Thus, this lump sum payment option upon termination does not really distinguish the purpose of the federal civil service retirement plan from that of the social security system.

Furthermore, we note that the survivor's annuity benefits provided by the federal civil service program are not analogous to a lump sum payment of the employee's previous contributions to the plan. The survivor is not limited to receiving benefits equal to the employee's prior contributions. The surviving spouse receives annuity payments until she dies or remarries before age sixty.[7] Thus, the trial judge erred when he viewed plaintiff's annuity benefits as merely a return of her husband's contributions to the federal civil service retirement plan. A federal employee's contributions under the federal civil service retirement plan are like a private employee's contributions under social security. Therefore, survivor annuity benefits flowing from the federal civil service retirement plan are not properly linked to, or perceived as, a return of employee contributions.

[6] 5 USC 8342(a).
[7] 5 USC 8341(d)(2).

Based on the close analogy between plaintiff's survivor annuity benefits and survivor benefits provided under the general social security system, we conclude that the purpose of plaintiff's survivor annuity benefits, like the social security survivor benefits in *O'Donnell, supra,* was to replace the actual wages that decedent would have earned if he had not died in the automobile accident. The survivor annuity benefits do not serve the purpose of protecting the decedent's previous retirement contributions as in *Perkins, supra.*

Our conclusion on this issue is reinforced by the specific distinctions that can be drawn between the facts in this case and those in *Perkins.* In *Perkins,* the spouse was eligible for both social security survivor benefits and the state trooper benefits. Thus, the pension benefits in *Perkins* could not be perceived as a substitute for social security benefits as can the federal civil service survivor's benefits in this case. In addition, the state trooper pension paid benefits to the spouse in exactly the amount that the decedent would have received at retirement, thus indicating a purpose to fully protect the decedent's retirement plan contributions. On the other hand, the federal civil service survivor benefits provide benefits only in the amount of fifty-five percent of what the decedent would receive during retirement, thus indicating a purpose to merely provide a replacement income for lost support to the now single spouse. Finally, the state trooper pension did not vest and provide survivor benefits until ten years of service had occurred, and there was a substantial interest in protecting the decedent's retirement plan contributions through a survivor annuity. In contrast, the federal civil service survivor's benefits are provided after only eighteen months of service, indicating a purpose to provide support for the surviving

spouse, not to protect substantial employee contributions.

Since we have concluded that the federal civil service survivor's annuity benefits were paid to plaintiff for the purpose of replacing her husband's wages and support, defendant insurer in this situation was entitled to set off these payments against plaintiff's no-fault survivor's loss benefits. Furthermore, since the setoff was proper, plaintiff was not entitled to an award of attorney fees and penalty interest based on defendant's allegedly unreasonable failure to pay no-fault benefits. The trial judge erred in granting plaintiff's motion for summary judgment and in denying defendant's motion for summary judgment.

Reversed.